## STATE v POWNALL

Ohio Appeals, 1st Dist, Clermont Co.

No. 141. Decided Oct. 24, 1939

F. A. Roberts, Batavia, and F. E. Ely, Batavia, for appellee.

Tatgenhorst & Lytle, Cincinnati, and Nichols, Speidel & Nichols, Batavia, for appellant.

## OPINION

BY THE COURT:

The defendant, George L. Pownall, appellant here, was convicted of second degree murder for the killing of his housekeeper, one Bertie Mae King.

Appellant's sole defense was insanity. He did not take the witness stand to testify in his own defense.

Counsel for appellant urge as errors that the verdict and judgment are against the weight of the evidence, and that the state failed to prove that the killing was malicious.

The defendant signed a written confession, which, after a hearing, was admitted in evidence. He states in the confession that on Sunday night, March 5th, 1939, he and his housekeeper were at his home; that an argument took place in his bed room; that he was in his pajamas, and she was fully dressed; that his housekeeper took a picture from the wall and threw it at him; that he got up and she went to the clothes closet in his room and got his shot gun and pointed it at him; that he took the gun away from her and shot her; that immediately thereafter he called Dr. Gaskins and told him to bring an ambulance; that they took Bertie May King to the hospital, where she died. She was shot in the abdomen.

As above stated, the defense was insanity at the time of the shooting. To establish this, the defense offered evidence showing peculiar actions for some months prior to the shooting. These peculiarities consisted in, thinking that he was being pursued, of seeing things which did not exist, and hearing sounds which did not occur, and other things of a similar nature. There was no evidence of any abnormal acts for two weeks or more preceding the killing. The confession would warrant the conclusion that the defendant was normal at the time of the killing. Defendant, after the shooting, called the family physician, and

ordered an ambulance to take Miss King to the hospital. The next day defendant dictated a telegram to the decedent's people, inquiring whether he should send the body to her former home in Tennessee, or bury it in his lot in Spring Grove Cemetery, in Cincinnati.

Upon his arraignment, the trial judge sent him to the Lima Hospital for observation. The doctors testified that from their observation, they found him sane.

The state offered evidence to the effect that defendant was a hard drinker of liquor, and argue that any queer actions of the defendant prior to the shooting could well be attributed to the effects of alcoholism.

The burden of proving insanity was on the defense.

Enough has been stated to show that the question in the case was purely one for the determination of the jury, and the evidence was sufficient to sustain their verdict.

It is argued that the state failed to prove malice, necessary to sustain a conviction of second degree murder.

"Where the fact of killing is proven, malice is to be presumed, and all the circumstances of justification, excuse, or extenuation must be made out by the accused, unless they appear from the evidence adduced against him." Davis v State, 25 Oh St 369.

The presumption of malice, based on the admitted killing, would be sufficient to to take the case to the jury on that issue.

Moreover, the only excuse, as shown by the confession, the defendant not testifying in his own behalf, was that the victim threw a picture at him, while he was in bed, and got a gun and pointed it at him. He took the gun away from her and shot her while she was before him unarmed and apparently helpless.

The jury was justified in finding the killing was malicious. Of course, if the jury found the defendant insane at the time of the killing, there could be no malice in the act.

Finding no prejudicial error in the record, the judgment is affirmed.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.